UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br>Plaintiff,<br>v.<br>EDMUND G. BROWN, et al.,<br>Defendants. | Case No. 18-CV-06890-LHK<br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>Re: Dkt. No. 8 |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff named as defendants then-California Governor Edmund G. Brown, Jr.; "Alex Padilia"; "Xavier Beccera"; Michael Cohen; John Chiang; Will Lightbourne; Dave Jones; Scott Kernan; Kathleen Allison; David Baughman; Doe defendants identified as "Entire Staff Administration, Personnel, Medical, Mental Health and Correctional Staff"; and "All State Tax Courts Judicial and Executive Officers Who's [sic] Station Position and Title Appear Therein or Thereon the Attached Receipts." *See* Dkt. No. 1 at 1.

Plaintiff has paid the filing fee. For the reasons stated below, the court dismisses the complaint with leave to amend.

1
Case No. 18-CV-06890-LHK
ORDER

## I. PROCEDURAL BACKGROUND

Plaintiff filed this action in the United States District Court ("USDC") for the Middle District of Georgia. *See* Dkt. No. 1. That court dismissed the action with leave to amend. *See* Dkt. No. 7. Plaintiff filed an amended complaint ("Amended Complaint"), which referred to incidents in Del Norte County, California. *See* Dkt. No. 8. Because plaintiff "allege[d] that his cause of action arose in Crescent City in Del Norte County, California," the USDC for the Middle District of Georgia transferred this action to the Northern District of California. *See* Dkt. No. 10.

## II. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

As the plaintiff's complaint currently reads, the court cannot determine what plaintiff's claims are against which defendants. Plaintiff appears to allege that his constitutional rights are being violated after a legal action in Del Norte County Superior Court. He also refers to his personal and real property being improperly taken from him. The Court notes that it is unclear what property was taken from plaintiff, as plaintiff alternately refers to a spouse's survival rights to an estate, a household and/or homestead, a trademark and/or patent, a mortgage, a foreclosure action in California state court, and an insurance policy. Plaintiff also references his criminal

2

Case No. 18-CV-06890-LHK
ORDER

conviction. Unfortunately, while plaintiff's complaint is filled with legal terminology and a recitation of elements for different causes of action, plaintiff does not include sufficient facts to support any of his claims.

The complaint has several deficiencies that require an amended complaint to be filed. First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009) (holding that although "integral participant" rule may not be limited to officers who provide armed backup, officer who waits in front yard and does not participate in search of residence not an integral participant).

Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). In his amended complaint, plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Leer*, 844 F.2d at 634. As currently pled, the court cannot determine what claims plaintiff intends to allege, on what actions those claims are based, or which defendants plaintiff alleges are liable for which claims. Plaintiff must name each individual defendant, and clearly state what each defendant did that made him or her liable for violating plaintiff's constitutional rights. Plaintiff should specifically state what happened, when it

3

happened, what each defendant did, and how those actions or inactions rise to the level of a federal constitutional violation.

To the extent plaintiff names supervisory defendants, plaintiff is advised that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (finding under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

Plaintiff also names as defendants "Entire Staff Administration, Personnel, Medical, Mental Health and Correctional Staff" and "All State Tax Courts Judicial and Executive Officers Who's [sic] Station Position and Title Appear Therein or Thereon the Attached Receipts." A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir.2002). Plaintiff cannot name "Entire Staff Administration," etc., without naming and linking specifically each member of each group to plaintiff's claims. Accordingly, all claims against the defendant groups of "Entire Staff Administration, Personnel, Medical, Mental Health and Correctional Staff" and "All State Tax Courts Judicial and Executive Officers Who's [sic] Station Position and Title Appear Therein or Thereon the Attached Receipts" are DISMISSED without prejudice. Should plaintiff succeed in identifying the unknown defendants, he may, upon a proper showing, move to amend to add them to his complaint. *See id.*

To the extent plaintiff challenges aspects of his criminal conviction, plaintiff is advised that habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 561 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A civil rights action is not the proper vehicle for such challenges.

Finally, the Court notes that plaintiff states he previously "filed a lawsuit dealing with the same or similar facts or issues that are involved in this action." *See* Am. Compl. at 2 (checking "yes" in response to this question). Plaintiff states that this lawsuit was filed in Del Norte County Superior Court in March 2017. *Id.* If that case is concluded and plaintiff wishes for this Court to overturn a decision by a state court, plaintiff's claims may be barred by the Rooker-Feldman doctrine. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment."). If that case is ongoing and plaintiff wishes for this Court to interfere with the state court's proceedings, the Court may need to abstain from such interference. *See Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (explaining that a federal court must sometimes abstain from interfering with ongoing state proceedings and stating the criteria for when a court should so abstain).

In light of these deficiencies, plaintiff's complaint must be dismissed. The amended complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable. Plaintiff's complaint is dismissed with leave to amend if plaintiff can cure the deficiencies described above.

IV. **CONCLUSION**

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff believes he can state a cognizable claim for relief, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 18-06890 LHK (PR)) and the words AMENDED COMPLAINT on the first page. If plaintiff files an amended

5

Case No. 18-CV-06890-LHK
ORDER

complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
LUCY H. KOH
United States District Judge

Case No. 18-CV-06890-LHK
ORDER

6